Good morning. First case this morning is 07-7177. Voting in the Department of Veterans Affairs. All right. Good morning, and may it please the Court. The Veterans Court applied an incorrect legal rule to Miss Everdeen's claim for benefits for his generalized anxiety disorder. It applied the rule that a medical opinion stated in non-definitive terms is non-evidence. Because that is a rule of law, this court has jurisdiction, and because it is incorrect, this court should reverse. Now, the Secretary does not defend that rule. He does not argue that medical opinions must be expressed in terms of certainty in order to constitute evidence. And he even acknowledges that the leading Veterans Court cases have rejected such a rule. Instead, his argument hinges entirely on the position that all the Veterans Court did was to make a credibility determination. But the terms of the Court's opinion demonstrate that that is not the case. The Court announced on page 6 of the appendix that Ms. McKay's statement that she cannot prove or state definitively when the intolerance anxiety disorder originated is an equivocal opinion that may be considered non-evidence and has no probative value. In other words, it was as if Mr. Hogan had submitted nothing at all, as if Ms. McKay's statement didn't even exist. So you're saying you can screw Ms. McKay's statement to mean the reverse, which is they're just saying what she said. They're quoting what she says, which is I can't prove definitively or prove or state definitively. What does that mean to you? I mean, they were looking, I think, to what she actually said. She told us what she couldn't do, and then we're left with what she could do. And how is what she said in terms of what she could do, how does that satisfy any standard, including your standard, which is reasonable medical certainty? What she said was that it is likely, and likely means probable, more likely than not, that his anxiety disorder has been longstanding for many years and likely that he suffered from anxiety during his time in the military. The foregoing sentence that Your Honor pointed me to, that she cannot make that statement definitively, simply means that she cannot say it with absolute certainty. And the fact that she can only say it as a matter of likelihood rather than certainty should not be enough for the Veterans Court to disregard the evidence completely. But look at what she said was likely. She said that his anxiety disorder has been longstanding for many years. What does that tell us about what you need to satisfy in terms of the service connection and so forth? The fact that she said it's been longstanding for many years. He's been out of the military for 70 years. Yes, so this statement was made in 2000, and he was in the service from 1976 to 1990. The two statements together, that it has been longstanding for many years, and likely that he suffered from anxiety during his time in the military, is evidence tending to show that he suffered from his current general anxiety disorder while he was in the military. Now, because he enjoyed the presumption of soundness... But what does that tell us about when the disorder was incurred? Yes, Your Honor, that information is supplied by the presumption of soundness. So the presumption of soundness says that where a Veteran did not have any disorders noted at their induction examination, they would be presumed sound, presumed in good health when they entered the service. So that was 1976. No disorders were noted for Mr. Hogan. And the court below found, and the government has not here challenged, that that presumption was not overcome. So for our purposes here, Mr. Hogan was in perfectly good health in 1976. Now, when you have evidence that says that he suffered from the disorder that he now suffers while he was in the service, as a matter of logic, that means that the disorder must have begun while he was in the service. If he was fine when he started, but he suffered it during the service, then it must have had its inception during the service. But isn't this, again, a question of proof and a question of what this statement means and what evidentiary value it has to the language it is likely, is just as likely? Well, no, because the reason that the court disregarded it was not by looking into anything about the statement other than the simple phrase, can approval state definitively? In our position, the only thing we ask you to hold today is that just because it was stated in non-definitive terms does not mean that the Court of Veterans Claims was entitled to disregard it entirely. It should have taken it into consideration, and it could have made whatever appropriate value determination that it wished once it had considered it. But it is clear from the terms of the court's opinion that it did not consider it at all. And if I just may take you to a case... But can I ask you, let's assume this statement just said, I can't prove or state definitively that his anxiety started in the 1980s or that it was served at a military connective. That's not evidence, right? I mean, wouldn't you agree that that tells you nothing? I mean, just that statement doesn't mean that if you reject that as evidence, you are alternatively... that means necessarily that your statement is that you are requiring definitive proof simply because you reject this as being non-evidence. Do you understand my point? I think so. I think so. So I should clarify that because the statement goes on to express something in terms of likelihood, the rule that we're asking for is the fact that it's expressed in terms of likelihood rather than definitiveness is not enough to reject it. But you started by saying the error, the legal error that you're asking us to review is that this is the rule that the board or the CABC set as the explicit rule. And when you stated that, you were just quoting that portion of the sentence, that sentence on page 6 that you directed us to. Yes. What's wrong with that sentence then? They say that this portion of the sentence is not evidence. And I thought you just kind of conceded that that's true, just that portion of the sentence really. No, I think that what the court did was it says we don't need to look at anything else in this opinion because the statement as a whole is not expressed in definitive terms. Why does it say that? I'm looking at page 6, which was the page you referred to us to at the beginning of the argument. So this says that Ms. McKay's opinion is non-evidence on the question of when his anxiety disorder originated. That's right there. Well, no, what they say is Ms. McKay's statement that she cannot prove her state definitively… When the anxiety disorder originated. …may be considered non-evidence and has no probative value. Don't you agree with that? No, I do not agree with that. Why? What is there about the statement that she cannot prove her state definitively that is probative of whether or not there was service connection? That was the reason that the court gave for disregarding the remainder of it, which clearly states, because in light of the presumption of soundness, something that is relevant to inception during service, which is that he suffered it during service. Were it not for the court's focusing on the non-definitively portion, it would have considered the remainder of the opinion, which does go exactly to when the anxiety disorder originated in light of the presumption of soundness. Now, to conclude my reading of the presumption of soundness, I'd like to draw your attention to Bollinger v. Nicholson, which is a recently decided Veterans Court decision. It's an unpublished one available at 2007 Westwall 2301-662. Now, Bollinger makes clear that if medical evidence shows that an individual suffered from the condition while in service, and the individual is deemed sound when he entered service by operation of the presumption, that person has shown all that's needed for service connection. So Ms. Mackay's opinion, which unquestionably states that evidence pertaining to the fact that he suffered from the condition during service, does go to the question of inception in light of the presumption of soundness. But isn't the problem you run into, then, if that's the thrust of your argument, what Judge Lynn mentioned a few moments ago, which is the standard is whether she's shown that, and it's not up to us to evaluate the evidence as to whether or not that's correct. So you're asking us, in essence, to say they weighed the evidence incorrectly, and you will do it over, and we don't do that here. Yes, I would agree with you completely if the court had said this is not very probative evidence on the point, but it said it is non-evidence. And it also cited two cases, Turpac and Perman, that while they are not the related cases in the Veterans Court, they're very old Veterans Court cases, and the government acknowledges that the rule in the Veterans Court is, in fact, that just not being stated in non-definitive terms does not disable evidence from being something that the court may consider. The fact that the court cited those cases made clear that it was invoking this rule and treating it as something that it doesn't even have to look at because of that language, not that it was not persuasive because of some other feature of the opinion. And so what do you say the rule is that this was not stated here? The rule that they— They would not consider evidence unless it is definitive. Unless it is stated in definitive terms. And we ask that this court should rule that the Veterans Court is not entitled to disregard evidence completely simply on the ground that it is expressed in terms of likelihood rather than intent of certainty. And if this court were to do otherwise, it would rule out a vast body of affirmative medical evidence, particularly of medical diagnosis, particularly in the field of mental health. As the Supreme Court recognized in Addington v. Texas, a case cited in our reply week, the subtleties and nuances of psychiatric diagnosis render certainties virtually beyond reach in most situations. This court should hold that the Veterans Court is not entitled to disregard medical opinion evidence expressed in terms of likelihood rather than certainty, and to demand for that court to give full and proper consideration to the proper value of Ms. Mackay's opinion. Questions? Mr. Wallach? Good morning. We ask that this court confirm the Veterans Court's decision. And as the panel, through its questions, was suggesting, this is a question where the appellant is asking this court to review and issue a fact. Well, is it correct—do you agree or—is the Veterans Court's standard that unless evidence is definitive, it will—it has no proper value? Is that your—is that your reading of this case? No, that is not our reading of this case. Well, then how do you respond to what Mr. Mackay said in terms of what the board is saying here? What the board is saying here, I would direct the court to the same two pages, pages 5 and 6 of the appendix, but at the very beginning where it deals with this particular issue. The issue, as it was framed before the Veterans Court, immediately below, was that the board erred because, quote, it should have found that Mr. Hogan submitted evidence in the form of Ms. Mackay's statement that satisfied his burden under 38 U.S.C. 5107a and created an approximate balance of positive and negative evidence. That issue is a factional issue. And the court went on to say, I have just some quotations, that the record reflects. The Veterans Court looked back at the record, and this case is not one where the fact finder, the board, the R.O., did not examine Ms. Mackay's statement as counsel for Mr. Hogan suggested. As we pointed out in our response brief, and hopefully fairly clearly, this case started out at the R.O., went up to the board, came up to the Veterans Court once on a board decision that said what it says now. Basically, Ms. Mackay's statement is not probative. And on joint motion to remand, the Veterans Court sent it back and said, please explain your view of this evidence. And the board looked at it. Let me ask you, isn't the second portion of Ms. Mackay's statement, she says it's likely that his anxiety worries him and won't stand up to many haters and just as likely that he suffered from anxiety during his military. Does that have any probative value? Not with respect to the issue of medical nexus. It states very plainly, probably incurred it when he was a child and that he continued to suffer through his military, presumably. Well, no, she's not the one. It was the other psychiatrist that said he suffered from it as a child, I think. I'm sorry. I don't know if her statement says anything about when he occurred. She just talks about him suffering from anxiety. She says he's lost him for many years. I apologize. And what about Ms. Carter's argument that the statement that it's just as likely that he suffered from anxiety during his time in the military, which I think any fair reading doesn't establish when it was incurred, but it does say during his time in the military, coupled with the presumption of soundness. Does that say something? Well, number one, that is not the issue on appeal. But number two, the board's finding, factual finding, after it reviewed this evidence, is that no, this does not make the statement that this was incurred or that it was connected. And that is something that is beyond this court's ability to review. Well, there's a statement that it's not evidence, though, that we can't review. I'm sorry. I actually didn't hear the last part of your question. We can review whether the rule of law they set out here is correct, right, that this statement or statements like this would be non-evidence, therefore not to be considered at all. Well, sort of two-part response to that. Number one, in this case, the phrase non-evidence doesn't mean that this was not admitted or considered. The record clearly establishes that it was. And furthermore, in VA proceedings. Well, it was. But they said it's non-evidence. This is the court of appeals. I presume it's going to guide future cases, maybe this one. Well, and that is the statement. That is a rule that now we apply. I don't think we have any statutory responsibility to review it. That would be the second part of my answer. And that would be that the phrase non-evidence appears to be reviewing those cases, a term of art that is used after the board has reviewed, just like it has in this case, the evidence that's been presented and determined it to be of little to no public value. That's right. But this court, Veterans Court, is now saying this is the rule of law. Now what? I'm going to serve. That's, no, the Veterans Court, I apologize, with all due respect, the Veterans Court affirmed the board's treatment and review of the record and determination that this opinion was of such low public value with respect to the Nexus issue that he basically didn't submit anything in support of his claim. He fell so far short of his order that he's not a judge. The judge proposed to ask you about the second half of the statement. The first half of the statement says he can't say for sure. Maybe, you know, it's judicial opinion. Sometimes you say too much. Of course you can't say for sure. But if you say for sure, it may be much longer of a credibility. Psychologically and psychologically, the evidence is very, very flimsy. So that's just speaking to the obvious. But the second half, she says, is likely to occur in military service. Now why isn't that there some day? The second half of the case statement doesn't say that it was likely incurred in military service. Whatever it says. Suffered in military service. Suffered, okay. Well, whatever it says, it's a rule. And there is a distinction. Of course there is. The element is incurrence in the Nexus to the present condition. All right. But the issue is whether we can review it. You're saying we can't. No, that is precisely what we're saying. But on that point, on the second part, the board not only talks about the first part, under the CABC, but then it says the appellant has not offered any medical evidence that relates his anxiety disorder to his military service. Isn't the statement by the professional that he suffered from anxiety during his time in the military, that may not carry the day, that may not be sufficient, but how come they're characterizing it as not offering any medical evidence? I mean, isn't it correct that they've offered some medical evidence, but it's just, you know, insufficient or isn't, you know, of sufficient value? But do you agree with the statement that they've not offered any medical evidence that relates his anxiety disorder to his military service? The Veterans Court may have been using hyperbole a little bit, but the board decision does not say no evidence. The board decision says, consequently, the board finds evidence that does not support a conclusion that the Veterans Court generalized anxiety disorder began during his active military service. Yeah, but the problem is, as Judge Mary referred to it, kind of, you know, not that we may not all be guilty of hyperbole in some circumstances, but hyperbole should be the order of the day. I mean, they're saying, they're telling the board for future cases of the CABC that it may be considered non-evidence. In other words, they're telling the board that if you consider this non-evidence, and then every other thing you write from here on in, we're going to say that's okay. You did okay by considering it non-evidence. It seems to me that you're backing away from that. You're saying, well, they didn't really mean to say that. No, I respectfully disagree. The non-evidence cases require the board to conduct a factual inquiry to examine the evidence, not to simply throw it out, as comments counsel said. So here the CABC was telling them that that may be considered non-evidence. In other words, the board, you did okay when you considered it to be non-evidence. Well, the CABC put the terms non-evidence in quotations and referred to the cases that use that term. In those cases, in the facts of that, very clearly established that in those cases the board did and is supposed to review the evidence that the veteran submits and make a determination as to its appropriate value. The fact that they call it non-evidence just means that it is such low appropriate value that it utterly fails to satisfy the elements. And in those cases, those were also situations where the opinion at issue was something that actually, in the sentence of the opinion, had something to do with the element of the claim, the diagnosis. It said, you know, they equivocated. I can't say or I cannot say whether or not this was incurred in military service or I can't say or cannot say whether there's a medical nexus. Mr. McKay doesn't even do that, as your questions earlier pointed out, and as the board found and the Veterans Court affirmed. Mr. McKay's statement of likelihood had to do with that it's been long-suffering that he actually experienced it during his military service. The second half of that sentence has nothing to do with the elements here. That was a factual determination that the board made and the Veterans Court affirmed when it reviewed the record and that it had previously sent back to get clarification. There's no error. She was right in that statement. I apologize? She was correct in that statement. We even had, in 1984, there was a diagnosis while he was in the service. She was correct that he suffered from it? He suffered. I mean, who knows? But he was not normal in 1984. But that is not probative to the occurrence or the nexus issue. And that, the veteran has to satisfy the elements of the claim. Simply having the disease. She was presumed to be normal coming in in 1984. They said there's a problem. And then she, years later, says it's long-standing and likely recurred or aggravated or whatever the word is she used in the service. Seems like a straight line. That is not a factual determination that the board made that the Veterans Court affirmed it was this morning. I apologize? I just want to get the facts right. Yes, from the Veterans Court. Yeah. That's a factual determination? That this court doesn't have jurisdiction to review? I apologize. I'm not understanding your question. Okay. Well, there are no further questions. And we respectfully request that the court affirm Veterans Court's decision. The Veterans Court disregarded Ms. McKay's statement in toto because she indicated that she could not express her opinion in definitive terms. The court did not weigh or consider the probative value of the evidence. Because it relied on that legal rule, which is incorrect, this court should revoke it. If there are no further questions, that's all. Thank you.